18 F.3d 954
 305 U.S.App.D.C. 194
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Anthony Sylvester HOOKER, a/k/a "Bernard C. Banks", Appellant.
 No. 92-3190.
 United States Court of Appeals, District of Columbia Circuit.
 March 11, 1994.
 
 Before: WALD, SILBERMAN and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of the defendant from the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED, by the Court, that this case be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Anthony S. Hooker was convicted after a jury trial of one count of unlawful possession with intent to distribute cocaine and one count of possession of marijuana. At sentencing, Judge Pratt imposed a sentence of 120 months, based in part upon his finding that the amount of cocaine involved exceeded five grams. On appeal, Hooker claims that the district court denied his right to effective representation and a fair trial. Because we agree with the government that the district court did not deprive Hooker of a fair trial, we affirm the conviction.
 
 
 5
 On August 1, 1991, an arrest team from the District of Columbia Metropolitan Police Department's Seventh Vice Unit arrested Hooker. The police officers found cocaine in Hooker's hand, under a washcloth on a wall close to him, and in a film canister under a nearby bush. At trial, the parties stipulated that if a chemist were called as a witness, he would testify that the cocaine in Hooker's hand weighed 1.356 grams, the cocaine on the wall weighed 0.617 grams, and the cocaine in the canister weighed 4.67 grams. Based on the evidence presented at trial, the jury found Hooker guilty of possession with intent to distribute cocaine.
 
 
 6
 Hooker's primary challenge to the fairness of his trial stems from the combination of: (1) the district court's decision not to give a special unanimity instruction informing the jurors that they could only return a guilty verdict if they unanimously agreed as to which quantity or quantities of cocaine Hooker possessed with an intent to distribute; and (2) the court's refusal to grant Hooker's request for a special verdict form with interrogatories along the same lines. Hooker asserts that these decisions interfered with his right to a unanimous jury verdict. We note at the outset that the district court did give a standard instruction on unanimity, stating that "[i]n order to return a verdict, it is necessary that each juror agree on the verdict. Your verdict must be unanimous." Trial Transcript ("Tr.") II at 64 (Apr. 10, 1992). Such an instruction generally suffices to safeguard a defendant's right to a unanimous jury verdict. See United States v. Sayan, 968 F.2d 55, 65 (D.C.Cir.1992). In addition, although he asked for a special verdict form, Hooker never requested a particularized unanimity instruction, even when the district court specifically asked whether he wanted to add anything to the jury instructions. More important, we cannot conclude that this was a case in which there was a "genuine risk" of jury confusion or of a conviction resulting from "different jurors concluding that the defendant committed different acts." United States v. North, 910 F.2d 843, 876 (D.C.Cir.) (citations and quotations omitted), modified in part on other grounds, 920 F.2d 940, 950-51 (D.C.Cir.1990) (en banc), cert. denied, 111 S.Ct. 2235 (1991). A conscientious juror would have understood from the instructions given that she must agree with the other jurors on whether Hooker was guilty of possessing cocaine with intent to distribute. See United States v. Mangieri, 694 F.2d 1270, 1281 (D.C.Cir.1982). The possibility that the jurors may have disagreed as to which of the three quantities of cocaine the defendant was guilty of possessing does not mean that Hooker was denied his right to a unanimous verdict. See United States v. Patrick, 959 F.2d 991, 995-96 n. 5 (D.C.Cir.1992) (quantity is only relevant to sentencing and is not a constituent element of offense of possession with intent to distribute).
 
 
 7
 Hooker next points out that due to the district court's refusal to order a special verdict form and interrogatories, it is not clear whether the jury based its verdict on the cocaine in Hooker's hand, the cocaine on the wall, the cocaine in the canister, or some combination of the three. Hooker claims that because of this ambiguity, the district court erred by refusing to allow one of the defense witnesses to testify at the sentencing hearing as to whether Hooker was in constructive possession of the drugs in the canister. We find, however, that the district court's denial of the testimony was fully within its broad sentencing discretion. See generally United States v. Barry, 938 F.2d 1327, 1337 (D.C.Cir.1991). The witness had already testified at trial and we see no reason to disturb the district court's finding at the sentencing hearing "that on the basis of the evidence presented and particularly the stipulation of the chemist ... the amount of drugs involved of cocaine crack was in excess of five grams." Sentencing Tr. at 41 (July 13, 1992).
 
 
 8
 We are more troubled by the district court's later "Finding and Conclusion," in which the court stated that, "[i]n deciding defendant guilty of Count I, we hold that the jury of necessity found that defendant's possession concerned the entire amount of drugs analyzed by the chemist as set forth in the stipulation and submitted to it." Appellant's Exhibit B at 2 (emphasis added). This statement is in error, because it is not necessarily true that the jury found that Hooker possessed all three quantities of drugs. A reasonable jury could have convicted Hooker on the basis of the cocaine in his hand and on the wall, while at the same time deciding that he did not constructively possess the cocaine in the canister. On balance, however, we are convinced that the district court's earlier finding that Hooker possessed over five grams of cocaine transforms its misstatement in the "Finding and Conclusion" into harmless error.
 
 
 9
 Hooker also contests the district court's decision not to rule on his request for jury instructions prior to closing arguments. Judge Pratt stated that he would give the usual "boilerplate" instructions and that if he missed anything, Hooker could notify him at the end of the instructions. Tr. II at 23-24 (Apr. 10, 1992). Because Hooker neither specifically requested that the court rule on his proposed jury instructions before closing arguments, nor objected to the court's decision not to do so, we review the district court's decision under the plain error standard. Cf. United States v. Norris, 873 F.2d 1519, 1524 (D.C.Cir.) (applying plain error standard where appellant failed to object to misstatement in jury instructions), cert. denied, 493 U.S. 835 (1989). Given that the "boilerplate" instructions included the substance of almost all the instructions requested by Hooker, we cannot conclude that a different judgment would have been likely absent the error.
 
 
 10
 Finally, we find no merit in Hooker's additional allegations against the district court. Hooker was not prejudiced by Judge Pratt's challenged comments and rulings, especially because most of the allegedly offensive comments were made out of the hearing of the jury. Cf. Young v. United States, 346 F.2d 793, 796 (D.C.Cir.1965) (reversing and remanding for new trial where jury may have been prejudiced by overhearing trial judge's severe criticism of defense counsel at bench conferences).
 
 
 11
 For the foregoing reasons, we affirm the conviction.